The first question that arises in this case is what (401) estate was created in Cullen Wood by the following clause contained in Jonas Wood's will: "My will and desire is, that if either of my two sons, Cullen Wood and Lawrence Wood, should die without lawful issue begotten of their bodies, that, " etc. It is a general dying without issue, which may happen 500 years hence, and not an event that must necessarily take place in any reasonable time. I therefore think, by this clause in the will, an estate tail was created in Cullen. Although the fact may have been that Cullen died without issue at the time of his death, that will not after the case. The same construction must be now made upon the will as would have been made upon it at the testator's death. 2 Bur., 878.
If the limitation to Jonas Wood is to be considered in the light of an executory devise, not being to take place till after an indefinite failure of issue, etc., it is too remote; and if it was too remote in its creation, no *Page 334 
event will warrant a different construction afterwards in support of it. If, then, an estate tail was created in Cullen, the Act of 1784 converted it into a fee simple, and Cullen had a right to devise it. But whether he exercised that right or not is the next question. The clause in Cullen's will is very general and expressive: "Also all the remainder of my estate, whether within doors or out, that was not before given away. All the residue of my estate, and every part thereof, I give to my wife, Sarah Wood, she paying all my just debts, funeral charges, etc., to her and her heirs forever." The word "estate" has a very general meaning; it includes both real and personal estate. The direction that the devisee shall pay his debts is also circumstance deserving of notice. 3 Modern, 45. I think the land in dispute passed to Sarah Wood by that clause in her husband's will, and that judgment should be entered for the plaintiffs.